ESTELLA M. FRANCIS ET AL., APPELLANTS, V. C. J. GARLOW, APPELLEE.

FILED JUNE 24, 1924.   No. 22834.

Specific Performance Denied. Where vendee at the time for performance notified vendors that he would not complete the purchase of the land in the contract of sale, and thereafter the vendors erected a residence and outbuildings upon the land, occupied it as a home, leased portions of it for two years after the date when they were to deliver possession to the purchaser, and executed two mortgages upon the land, and subsequently brought suit for specific performance; *held,* that a decree denying such relief would not be disturbed on appeal; *held* further, that by such acts they had rendered themselves incapable of complying with the contract.

APPEAL from the district court for Platte county: FREDERICK W. BUTTON, JUDGE. *Affirmed.*

C. A. Sorensen and F. L. Bollen, for appellants.

Garlow & Long, contra.

Heard before MORRISSEY, C. J., GOOD and DEAN, JJ., BLACKLEDGE and REDICK, District Judges.

REDICK, District Judge.

This is an action by the vendor for the specific performance of a contract of purchase and sale of 160 acres of land, the petition having been filed September 10, 1921.   The

contract was made out upon a printed form and contains the usual provisions, and provided for a sale at $275 an acre, of which $1,500 was to be paid in cash, and the remainder on March 1, 1920, when the purchaser was to be given possession. The following provisions are also found in the contract:

"All liens and incumbrances existing at that time (March 1, 1920) to be deducted." "It is mutually agreed that time is an essential element in this contract, and it is further agreed that in case either of the parties hereto shall fail to perform the stipulations of this contract, or any part of the same, shall pay the other party of this contract the sum of —— dollars, C. J. Garlow to forfeit the $1,500 in full, as damages for nonfulfilment of contract."

The answer of defendant set up two defenses: (1) that the contract was a mere option; and (2) that at or about the time fixed for performance defendant notified plaintiffs that he would not take the land, and that thereafter plaintiffs went upon the land, and erected buildings thereon, and leased portions of the premises, collecting rents, and on May 5, 1920, executed a mortgage on the lands to the Columbus State Bank for the sum of $3,000, and about August 1, 1921, executed another mortgage to Garlow & Long for $587.40, wherefore defendant alleges that plaintiffs are estopped from seeking specific performance of said contract.

Plaintiffs replied, admitting the facts set up in the answer, but alleging in explanation thereof that such acts and doings by plaintiffs were upon the advice of defendant Garlow, who was acting as plaintiffs' attorney at the time. Defendant offered no evidence, but at the close of plaintiff's case the trial court rendered a finding and decree in favor of defendant, dismissing the petition, and plaintiffs appeal.

With reference to the first defense, it will be noted that the contract is somewhat peculiar in that it provides for the forfeiture on the part of defendant of the $1,500 as damages for nonfulfilment of the contract, but contains no

corresponding provision in case the plaintiffs should fail
to perform, and defendant takes the position that the con-
tract was a mere option which he might exercise or not,
in which latter event he should forfeit the $1,500, which he
is willing to do, and the contract would be at an end. We
do not deem it necessary, however, to determine this ques-
tion.

The plaintiffs testified that they had lost their copy of
the contract, and that the words providing for the for-
feiture were written in the copy retained by defendant
after the contract was signed and delivered. They also
testified that, although the copy of the contract produced
by defendant appeared to have been witnessed by Long and
acknowledged by plaintiffs before Long as a notary public,
they never acknowledged it, and that Long never actually
witnessed their signatures. Robert Francis also testified
that, after defendant refused to complete the contract, he
placed improvements upon the land, consisting of house,
outbuildings and fences to the value of about $1,500 to
$2,500, and that defendant told him that was the proper
thing for him to do; that the defendant and Grover Long
were law partners, and that Long advised him to give the
$3,000 mortgage to the bank as security for a prior indebt-
edness, and thus prevent the bank joining in an application
to declare the witness bankrupt; that Long also advised
him to give the other mortgage, which in fact represented
an indebtedness of witness to Garlow & Long for legal
services in the sum of $418, and a claim of Hoagland &
Company against the witness for $169.40. After March
10, 1920, and after defendant had refused to complete the
contract, the plaintiffs moved upon the land in controversy
and resided thereon, and, in addition to the acts of owner-
ship already mentioned, leased the land to the father of
Robert Francis for the year 1921 and collected the rent
therefor.

From the above statement it will be seen that the real
question for determination is whether or not the contract
was abandoned by plaintiffs, and whether or not by their

Francis v. Garlow.

conduct with reference to the land they have waived their right to insist upon specific performance. The facts do not present a question of technical estoppel, because it does not appear that the defendant has altered his position in any way in reliance upon the acts of plaintiffs; but they do present the question of fact whether or not the plaintiffs abandoned the contract, and whether or not they are now in position to perform the contract as made. While there is frequent reference in the testimony to the fact that Garlow was a member of the firm who had represented plaintiffs in a number of legal matters, no inference may properly be drawn that plaintiffs were overreached or deceived in consequence of such relation, and the matters referred to were mainly conducted by Long, and had no reference to the present controversy. The trial court, which heard the witnesses and observed their manner of testifying, was in a better position to properly weigh the evidence and determine the truth of their statements, upon which some matters appearing in the evidence would seem to cast some doubt, and we do not feel justified in disturbing the conclusions of the court on those matters. We think the court might very properly infer, as it presumably did, that plaintiffs had accepted the refusal of the defendant to complete the contract and had abandoned the same. Furthermore, the contract provided for the deduction, from the final payment of only such liens and incumbrances as existed on the property March 1, 1920, whereas it appears that two mortgages had been placed thereon after that time, and that two leases had been made for 1920 and one for 1921, during the existence of which plaintiffs were not in position to comply with their contract to give possession March 1, 1920.

Upon a careful consideration of the entire record, we conclude that plaintiffs were not entitled to specific performance, and the judgment of the district court was right.

AFFIRMED.

Note—See Specific Performance, 36 Cyc. p. 720.